UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC S. McGILL, JR., | |
| Plaintiff, | CIVIL ACTION NO. 3:19-cv-01712 |
| v. | (SAPORITO, M.J.) |
| TIMOTHY L. CLEMENTS, Deputy Warden of Operations of Lebanon County Correctional Facility, et al., | |
| Defendants. | |

*FILED WILKES BARRE JAN 22 2021 PER MS DEPUTY CLERK*

## MEMORANDUM

This is a prisoner civil rights action which is before the court on a motion to dismiss (Doc. 42) filed by the defendants, Timothy L. Clements, Michael Ott, Robert J. Karnes, and Lebanon County (collectively, the "Lebanon County defendants"). For the reasons that follow, we will grant the motion in part and deny it in part.

### I. STATEMENT OF FACTS

On October 3, 2019, the plaintiff, Eric S. McGill, Jr., commenced this action pro se under 42 U.S.C. § 1983. On February 20, 2020, McGill filed an amended complaint (Doc. 30) through counsel. McGill's claims arise out of his pretrial incarceration at the Lebanon County Correctional Facility ("LCCF"). He alleges that he is an adherent of the Rastafari

religion. As a Rastafarian, he wears his hair in dreadlocks. Rastafarians view dreadlocks as a symbol of strength and an important part of their way of life. He alleges that LCCF maintained a policy which prohibited inmates from wearing their hair in braids or cornrows. Defendant Karnes, the warden of LCCF, considered dreadlocks to be braids. (Doc. 30 ¶ 28.) McGill alleges that he is a pretrial detainee who has been incarcerated since January 19, 2019, and he was placed in the special housing unit for his refusal to cut off his dreadlocks. (*Id.* ¶ 39.)

The amended complaint contains three counts: Count 1 is a claim under the Religious Land Use and Institutional Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, alleging that the defendants imposed a substantial burden on the plaintiff's religious exercise; Count 2 is a claim for violation of the plaintiff's right to the free exercise of religion under the First Amendment, brought under 42 U.S.C. § 1983; and Count 3 is a claim for violation of the plaintiff's substantive due process rights under the Fourteenth Amendment, brought under 42 U.S.C. § 1983. For relief, the plaintiff seeks compensatory damages from Lebanon County and both compensatory and punitive damages against the individual

defendants.[1]

In their motion to dismiss, the Lebanon County defendants assert that Counts I and III of the amended complaint should be dismissed for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). The Lebanon County defendants make two arguments in support of their motion: (1) They argue that the Fourteenth Amendment substantive due process claim should be dismissed under the more-specific-provision rule because McGill's constitutional claim arises under the First Amendment; and (2) they argue that, to the extent McGill is seeking compensatory or punitive damages under his RLUIPA claim, any such request should be dismissed with prejudice because money damages are not recoverable as a matter of law. (Doc. 42.)

The motion is fully briefed and ripe for decision.

---

[1] In the amended complaint, the plaintiff also sought declaratory and injunctive relief, and he filed a motion for a preliminary injunction. On April 23, 2020, however, LCCF implemented a revised hairstyle policy which allows for religious hair exemptions including dreadlocks. After this policy went into effect, McGill was transferred from the special housing unit to the general population, mooting his request for declaratory and injunctive relief. McGill also withdrew his motion for a preliminary injunction. (*See* Doc. 50; *see also* Doc. 51.) At this point, the only relief that remains available to McGill is an award of damages. Thus, we will dismiss the plaintiff's claims for declaratory and injunctive relief as moot.

## II. LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic

documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

### III. DISCUSSION

The amended complaint asserts three causes of action against the defendants, each set forth in a separate count. In Count 1, the plaintiff asserts an RLUIPA claim for damages against Lebanon County and the three individual defendants in their official capacities only, alleging that his placement in solitary confinement for refusing to cut off his dreadlocks constituted a substantial burden on his religious exercise. In Count 2, the plaintiff asserts a § 1983 claim for damages against Lebanon County and the three individual defendants in both their official and individual capacities, alleging that this same conduct violated his First Amendment right to free exercise of religion. In Count 3, the plaintiff asserts a § 1983 claim for damages against Lebanon County and the three individual defendants in both their official and individual capacities, alleging that this same conduct violated his Fourteenth

Amendment substantive due process right to be free from punishment. The defendants have moved to dismiss Counts 1 and 3 for failure to state a claim upon which relief can be granted.

**A. Count 1: RLUIPA Claim**

McGill asserts an RLUIPA claim against Lebanon County and the individual defendants in their official capacities for placing him in solitary confinement because he refused to cut off his dreadlocks. McGill alleges that wearing his hair in dreadlocks has religious significance, and thus his placement in solitary confinement, whether it was intended as a punitive or a coercive measure, constituted a substantial burden on his religious exercise.

To plead a viable claim under RLUIPA, an inmate-plaintiff must plausibly allege facts to establish a sincerely held religious belief and a prison policy or official practice substantially burdened his exercise of that religious belief. A substantial burden exists where: "1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; OR 2) the government puts substantial pressure on an adherent to

substantially modify his behavior and to violate his beliefs." *Washington v. Klem*, 497 F.3d 272, 280 (3d Cir.2007). "Once a plaintiff establishes a *prima facie* case, the burden shifts to the government to demonstrate that 'application of the burden' to the plaintiff 'is in furtherance of a compelling governmental interest' and 'is the least restrictive means of furthering that compelling governmental interest.'" *Gould v. Beard*, C.A. No. 07-55 Erie, 2010 WL 845566, at *6 (W.D. Pa. Jan. 16, 2010) (quoting 42 U.S.C. § 2000cc-1); *see also Washington*, 497 F.3d at 277.

The Lebanon County defendants take a wholesale approach, contending that monetary damages are not recoverable under RLUIPA from *any* of the defendants as a matter of law. (Doc. 43, at 6.) With respect to the individual defendants, it is well-settled that RLUIPA does not permit an action for damages of any sort against defendants in their *individual* capacities. *See Sharp v. Johnson*, 669 F.3d 144, 155 (3d Cir. 2012). As the defendants note in their reply brief, the plaintiff concedes as much in his brief in opposition. (Doc. 46, at 5 n.3.) But, as we have noted above, the amended complaint itself acknowledges this, expressly asserting Count 1 against the County and against the individual defendants in their *official* capacities only. (*See* Doc. 30, at 13.)

- 7 -

Meanwhile, "[s]uits against government employees in their *official* capacities 'generally represent another way of pleading an action against an entity of which an officer is an agent.'" *M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.*, 43 F. Supp. 3d 412, 419 (M.D. Pa. 2014) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). Thus, "it is a well-established practice in the Third Circuit to dismiss redundant § 1983 claims asserted against public officers in their official capacities where a claim has also been made against the public entity that employs them." *Id.* (quoting another source, brackets omitted). Accordingly, we will grant the motion in part and dismiss as redundant the plaintiff's RLUIPA damages claims against the individual defendants in their official capacities.

That leaves the plaintiff's RLUIPA claim for compensatory damages against Lebanon County itself.[2] Here, we part ways with the

---

[2] We note that both sides comment gratuitously in their briefs that punitive damages are not available under RLUIPA. (*See* Doc. 46, at 1 n.1; Doc. 48, at 4.) It is not entirely clear that the question is indeed settled. *See Carter v. Myers*, C.A. No. 0:15-2583-HMH-PJG, 2017 WL 3498878, at *3–*4 (D.S.C. Aug. 15, 2017); Daniel P. Dalton, *Defining "Apprpriate Relief" Under the Religious Land Use and Institutionalized Persons Act: The Availability of Damages and Injunctive Relief with RLUIPA*, 2 Alb. Gov't L. Rev. 604, 606–07, 620–21 (2009). Nevertheless, the question is not presented for disposition in this case, as the plaintiff has explicitly

defendants on this issue. It is beyond cavil that monetary damages against a *state* and its officials are not available under RLUIPA, but this is a function of the state's Eleventh Amendment immunity from liability. *See Sossamon v. Texas*, 563 U.S. 277, 293 (2011); *Sharp*, 669 F.3d at 153–54. Unlike states, counties and other municipalities may be liable for money damages under RLUIPA because they do not share that immunity. *See Kelley Bey v. Keen*, No. 3:13-CV-1942, 2014 WL 3563475, at *13 (M.D. Pa. July 17, 2014); *see also Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 290 (5th Cir. 2012) ("[M]unicipalities and counties may be held liable for money damages under RLUIPA, but states may not."); *Munic v. Langan*, Civil No. 4:CV-13-2245, 2015 WL 5530274, at *4 (M.D. Pa. Sept. 18, 2015) (permitting RLUIPA claims for damages against official-capacity municipal defendants to proceed).[3]

---

limited his demand for punitive damages to the individual defendants only (*see* Doc. 30, at 15) and Lebanon County lacks standing to seek dismissal of a claim for punitive damages that is not actually asserted against it. *See Bd. of Managers of Trump Tower at City Ctr. Condominium ex rel. Neiditch v. Palazzolo*, 346 F. Supp. 3d 432, 462 n.4 (S.D.N.Y. 2018); *Gordon v. Sonar Capital Mgmt. LLC*, 962 F. Supp. 2d 525, 533 n.4 (S.D.N.Y. 2013); *see also Oliver v. Pennsylvania Dep't of Corr.*, Civil Action No. 13-5321, 2014 WL 80725, at *8 n.8 (E.D. Pa. Jan. 8, 2014) (declining to address defendant's argument that claims not asserted against it should be dismissed).

[3] The defendants cite a decision by this Court in *Ealy v. Keen*, Civil

Accordingly, we will dismiss the plaintiff's RLUIPA claims for damages against the individual defendants in their official capacities,[4] but the plaintiff's RLUIPA claim for compensatory damages against Lebanon County will be permitted to proceed.[5]

---

No. 3:13-CV-2781, 2015 WL 1471577 (M.D. Pa. Mar. 31, 2015), in support of their argument that damages of any sort are categorically unavailable under RLUIPA against a municipal defendant as a matter of law. *See id.* at *9 ("Ealy cannot recover compensatory or punitive damages against defendants in either their individual or official capacities under RLUIPA."). But viewed alongside this court's decisions in *Kelley Bey* and *Munic* and the Fifth Circuit's decision in *Opulent Life Church*, and upon examining the authorities upon which *Ealy* itself relied, we find *Kelley Bey*, *Munic*, and *Opulent Life Church* more persuasive on this particular point. *See generally Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even the same judge in a different case."). In particular, we note that the decisions cited in *Ealy* all concerned defendants who were *state* officials, thus RLUIPA afforded no individual-capacity damages remedy and the Eleventh Amendment barred any official-capacity damages claims. *See Sharp*, 669 F.3d at 154–55; *Nelson v. Miller*, 570 F.3d 868, 883–89 (7th Cir. 2009); *Rendelman v. Rouse*, 569 F.3d 182, 186–89 (4th Cir. 2009); *Sossamon v. Texas*, 560 F.3d 316, 327–31 (5th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1271–76 & n.12 (11th Cir. 2007) (finding RLUIPA permitted official-capacity damages claims but not individual-capacity damages claims), *abrogated in part by Sossamon*, 563 U.S. at 293 (abrogating *Smith* with respect to official-capacity claims against state prison officials).

[4] As noted above, the plaintiff does not assert RLUIPA claims against these defendants in their individual capacities.

[5] As noted above, the plaintiff does not seek punitive damages from Lebanon County.

## B. Count 3: Substantive Due Process Claim

In Count 2, McGill asserts a First Amendment free exercise claim based on his placement in solitary confinement for refusing to cut off his dreadlocks. McGill alleges that wearing his hair in dreadlocks has religious significance, and thus his placement in solitary confinement, whether it was intended as a punitive or a coercive measure, constituted a substantial burden on his free exercise of religion. In Count 3, he asserts a Fourteenth Amendment substantive due process claim based on largely the same facts. The Lebanon County defendants have moved to dismiss the substantive due process claim pursuant to the more-specific-provision rule.

"Noting its 'reluctance to expand the concept of substantive due process,' the Supreme Court has established the 'more-specific-provision rule.'" *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843–44 (1998)) (brackets omitted). "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these

claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion of Rehnquist, C.J.) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). "Under this rule, 'if a constitutional claim is covered by a specific constitutional provision, such as the [First] Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" *Id.* (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)); *see also Bruni v. City of Pittsburgh*, 824 F.3d 353, 374–75 (3d Cir. 2016) (quoting *Albright* and affirming district court ruling that "[t]he First Amendment is the proper constitutional home for the Plaintiffs' freedom of speech and press claims"); *Williams v. Trump*, ___ F. Supp. 3d ___, 2020 WL 6118560, at *6 (N.D. Ill. Oct. 16, 2020) (quoting *Albright* and dismissing substantive due process claims based on alleged infringement of plaintiff's rights of association and to free exercise of religion), *appeal filed*, No. 20-3231 (7th Cir. Nov. 17, 2020); *Alvarez v. Ebbert*, No. 1:18-cv-1964, 2019 WL 2762964, at *9 (M.D. Pa. July 2, 2019) (citing *Betts* and dismissing substantive and procedural due process claims premised on prisoner's First Amendment right to use of the mails).

But, as the plaintiff articulates in his brief in opposition, while his

Fourteenth Amendment substantive due process and First Amendment free exercise claims share the same factual basis, arising out of the very same conduct by the defendants (*i.e.*, his placement in solitary confinement for refusing to cut off his dreadlocks), the two claims rest on two entirely distinct legal theories. (*See* Doc. 46, at 2–5.) Unlike the plaintiffs in the line of cases cited above, McGill does not claim that his substantive due process rights were violated because the defendants burdened his fundamental right to free exercise of religion. Rather, he points to an entirely separate right encompassed within the Fourteenth Amendment—"his substantive due process right to be free from punishment." *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017).

In *Bell v. Wolfish*, 441 U.S. 520 (1979), the Supreme Court of the United States established the principle that "under the Due Process Clause, a [pretrial] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Id.* at 535–36. Under *Bell*,

> [a] particular measure amounts to punishment [(1)] when there is a showing of express intent to punish on the part of detention facility officials, [(2)] when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or [(3)] when the restriction is excessive in light of that purpose.

*Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007) (quoting *Rapier v.*

*Harris*, 172 F.3d 999, 1005 (7th Cir. 1999)); *see also Steele*, 855 F.3d at 504 (quoting *Stevenson*). Although *Bell* concerned "punishment of a pretrial detainee for his alleged criminal conduct, committed *prior* to his detention, for which he ha[d] not yet been convicted," the Third Circuit has recognized that "punishment of a detainee for his in-facility conduct that might violate the facility's rules and policies" may also form the basis for a pretrial detainee's substantive due process claim. *Steele*, 855 F.3d at 504–05. Thus, "if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." *Bell*, 441 U.S. at 539; *Stevenson*, 495 F.3d at 67–68.

Here, in Count 2, McGill claims that, by placing him in solitary confinement because he refused to cut off his dreadlocks, the defendants have inhibited his First Amendment right to free exercise of religion for no legitimate penological purpose. (*See* Doc. 30 ¶ 83.) Meanwhile, in Count 3, McGill claims that, independent of any substantial burden imposed upon his free exercise of religion, he was placed in solitary confinement to punish him for violation of facility rules or policies, and

this action was not rationally related to any legitimate non-punitive government purpose or, alternatively, was excessive in light of that purpose. (*See id.* ¶¶ 85–88.) Although the facts ultimately adduced through discovery may narrow the distinction between the plaintiff's two theories of § 1983 liability, we find the allegations of the amended complaint sufficient to raise an inference of impermissible punishment that precludes dismissal of the plaintiff's substantive due process claim at this early stage of the litigation. *See Stevenson*, 495 F.3d at 69.

## IV. CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss will be granted in part and denied in part. We will dismiss as redundant the plaintiff's RLUIPA claims for damages against the individual defendants in their official capacities. The remainder of the plaintiff's claims shall be permitted to proceed.

An appropriate order follows.

Dated: January **22**, 2021

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge